IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00088-FDW

| | | |
|---|---|---|
| RONALD MCCLARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| BELQUIS HOPKINS; | ) | |
| VERONICA SOUTHERLAND, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's fourth amended complaint. (Doc. No. 19).[1]

Plaintiff is a prisoner of the State of North Carolina and was so at the time that he filed his complaint pursuant to 42 U.S.C. § 1983. Accordingly, Plaintiff is bound by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies <u>prior</u> to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

---

[1] Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." <u>Id.</u> § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id.  Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, state prisoners must complete a three-step administrative remedy procedure (the "ARP") in order to properly exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (discussing the ARP).

First, the Court notes that an amended complaint replaces any previously filed complaints; therefore as Plaintiff has only named Defendants Hopkins and Southerland in the complaint that is Docket Entry 19, the initial review will proceed only upon the allegations presented against these defendants.

Plaintiff alleges that Defendant Sutherland, whom he identifies as a nurse, has failed to treat "known ailments and maladies that are clear" which include issues with his bladder and his prostate. (3:16-cv-00088, Doc. No. 19 at 2). Plaintiff includes no allegations against Defendant Hopkins and the Court declines to incorporate by reference any allegations that Plaintiff has presented in his previous complaints because the allegations in those complaints are wholly superseded by Docket Entry 19.

As noted above, Plaintiff must exhaust all administrative remedies before he files a § 1983 complaint. The Court has reviewed the Prisoner Administrative Remedy Statements that Plaintiff has submitted and does not find that Defendant Sutherland is mentioned in any of those statements, thus it is unknown whether he ever presented a grievance regarding Defendant Southerland's alleged conduct such that prison officials could address the issue in the first instance. (Id., Doc. Nos. 10, 12, 15).

**IT IS, THEREFORE, ORDERED** that:

1.  Plaintiff will be provided 21-days from entry of this Order to submit an amended complaint which names each defendant that he contends has violated his civil rights.

2.  Plaintiff shall provide copies of all grievances that involves those defendants that he includes in the amended complaint, and the responses thereto which, as noted, includes the Step One, Two and Three responses. Plaintiff is warned that failure to comply with this order, or to submit a verified statement why he cannot comply with this Order, may result in dismissal of this case without further notice.

3

3. Plaintiff's motions for leave, (Doc. Nos. 8, 17, 18), will be **DISMISSED without prejudice** subject to reinstatement if Plaintiff complies with this Order and moves for reinstatement.

**IT IS FURTHER ORDERED** that the Clerk mail Plaintiff a § 1983 complaint form.

**SO ORDERED.**

Signed: June 20, 2016

Frank D. Whitney
Chief United States District Judge