DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-88-FDW

| | |
|---|---|
| RONALD MCCLARY, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| BELQUIS HOPKINS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on pro se Plaintiff's "Motion to Leave," (Doc. No. 33), motion to recuse the undersigned, (Doc. No. 36), and periodic status review.

On June 29, 2016, the Court issued an Order dismissing Plaintiff's Fourth Amended Complaint, (Doc. No. 19), without prejudice for failure to state a claim and lack of exhaustion. (Doc. No. 20). The dismissal was without prejudice, subject to reinstatement if Plaintiff filed an amended complaint within twenty-one days. (Id.). Plaintiff appealed and, on December 2, 2016, the Fourth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction and remanded with instructions to allow Plaintiff to file an amended complaint. (Doc. No. 31). On December 6, 2017, the Clerk docketed Plaintiff's "Motion to Leave," (Doc. No. 33), in the instant case in which he appears to seek discovery relating to a prior criminal case. On December 12, 2016, the Court ordered Plaintiff to file an amended complaint within twenty-one days in accordance with the Fourth Circuit's opinion. (Doc. No. 34). Plaintiff has not done so to date. However, on February 21, 2017, the Clerk docketed a pro se motion seeking the undersigned's recusal, in which Plaintiff states that unspecified filings have disappeared, letters to the Court have gone unanswered, the Court has issued "biased" rulings, the Court's actions show that he has no intention of being fair,

1

and that the Court appears to have a "deep hatred of inmates for some reason." (Doc. No. 36 at 1-2).

Plaintiffs have a general duty to prosecute their cases and comply with Court orders. Plaintiff was ordered on December 12, 2016, to file an amended complaint within twenty-one days and has failed to comply. Plaintiff shall have ten days from service of this Order to file an amended complaint in accordance with the Fourth Circuit's judgment and this Court's Orders. See (Doc. Nos. 31, 33). The amended complaint will supersede all prior complaints, meaning that if Plaintiff omits any claims that he previously raised, he will have waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). The amended complaint must be submitted on the form that will be supplied with this Order and set forth a "short and plain" statement of the claims. See Fed. R. Civ. P. 8(a)(2). Failure to comply with this Order will result in dismissal of the action without further notice.

Plaintiff's "Motion to Leave," (Doc. No. 33), appears to be in the nature of a motion seeking discovery. This motion will be denied as premature because discovery has not commenced in this action. The Fourth Amended Complaint was dismissed and no Fifth Amended Complaint has yet been filed. Plaintiff is advised that discovery in this action will not commence until after a complaint survives initial review, Defendants have been served and answered or otherwise responded, and the Court has entered a Pretrial Order and Case Management Plan setting forth deadlines for discovery and dispositive motions. Moreover, once discovery commences, Plaintiff must seek discovery from Defendants directly rather than filing motions with the Court.

Plaintiff's motion to recuse the undersigned, (Doc. No. 36), is also denied. Under 28 U.S.C. § 144, a litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against

2

Case 3:16-cv-00088-FDW    Document 38    Filed 07/21/17    Page 2 of 3

him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must state with particularity "the facts and the reasons for the belief that bias or prejudice exists." Although the judge must accept as true the facts alleged in an affidavit filed under 28 U.S.C. § 144, the judge is not required to accept as true conclusory statements, opinions, or speculations. Davis v. United States, No. 1L99cv842, 2002 WL 1009728, at *1 (M.D.N.C. Jan. 8, 2002) (citing Marty's Floor Covering Co. v. GAF Corp., 604 F.2d 266 (4th Cir. 1979)). Plaintiff's conclusory allegations wholly fail to allege facts to support a showing of bias by the undersigned.[1] The motion for recusal is therefore denied.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff shall have ten days from service of this Order in which to file an amended complaint, or this case will be dismissed without further notice.

2. The Clerk of this Court is respectfully directed to mail Plaintiff a new Section 1983 complaint form.

3. Plaintiff's "Motion to Leave," which is construed as a motion seeking discovery, (Doc. No. 33), is **DENIED** as premature.

4. Plaintiff's motion to recuse the undersigned, (Doc. No. 36), is **DENIED**.

Signed: July 21, 2017

Frank D. Whitney
Chief United States District Judge

---

[1] Plaintiff also failed to file the required affidavit under 28 U.S.C. § 144.