UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-88-FDW

| | |
|---|---|
| RONALD MCCLARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BELQUIS HOPKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, (Doc. No. 39). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 5).

### I. BACKGROUND

*Pro se* Plaintiff, who is an inmate of the State of North Carolina, filed this civil rights action pursuant to 42 U.S.C. § 1983 regarding incidents that allegedly occurred at the Lanesboro Correctional Institution in 2015 and 2016. He names as Defendants in his Amended Complaint the following Lanesboro C.I. employees: Nurse Supervisor Belquis Hopkins, Doctor Anthony Searles, and Superintendent David Mitchell.

Liberally construing the allegations and accepting them as true, Nurse Hopkins willfully and deliberately denied Plaintiff's sick call requests for three months at a time for his prostate and bladder problems. He also suffers pain from a deteriorated disc in his lower back. He repeatedly wrote requests to Nurse Hopkins asking why he was not being seen. He suffered bad pain from January, 2015, to April, 2016. Nurse Hopkins and Dr. Searles knew about Plaintiff's ailments and pain because they are included in his medical records, and because of his multiple requests to medical and sick call. Plaintiff did not see Dr. Searles once in over a year to treat his many ailments

1

and maladies. Dr. Searles' failure to treat Plaintiff resulted in pain and worsening of his conditions. Superintendent Mitchell was made aware of the denial and delay of treatment, which are in violation of sick call policy, and did nothing. Superintendent Mitchell and Nurse Hopkins have the authority to expedite but they did nothing even though they knew his conditions would worsen, which came to pass.

Plaintiff seeks punitive damages and damages for mental, emotional and physical suffering.

## II. STANDARD OF REVIEW

A "court shall dismiss [a prisoner's] case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must

still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

As the Supreme Court has explained, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted); see Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013) ("the Eighth Amendment's prohibition against 'cruel and unusual punishments' [extends] to the treatment of prisoners by prison officials," and "forbids the unnecessary and wanton infliction of pain.") (internal quotation marks omitted).

The deliberate indifference standard has two components. The plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); see Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("to establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective."). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or

one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). A mere delay or interference with treatment can be sufficient to constitute a violation of the Eighth Amendment. Smith, 589 F.3d at 739. However, allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson, 195 F.3d at 695 ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."); see Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), *aff'd*, 535 F.2d 1250 (4th Cir. 1976) ("even if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention.").

Plaintiff alleges that he suffers from diagnosed prostate, bladder, and back conditions that are painful and worsened due to the delay and denial of treatment. He further alleges that each of the Defendants knew about his conditions and failed to provide timely treatment despite his multiple requests. These allegations are facially sufficient to state a claim for deliberate indifference to a serious medical need.

Therefore, Plaintiff's claim of deliberate indifference to a serious medical need will be permitted to proceed because it is not clearly frivolous.

### V. CONCLUSION

For the reasons stated herein, the Court finds that the case should proceed on Plaintiff's

claim of deliberate indifference to a serious medical need by Defendants Hopkins, Mitchell, and Searles.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's claim of deliberate indifference to a serious medical need survives initial review under 28 U.S.C. § 1915.

2. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendants. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants. The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff.

Signed: February 2, 2018

Frank D. Whitney
Chief United States District Judge